UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THERESA WILSON-RICHARDSON,

                          Plaintiff,

                                                                              <u>DECISION AND ORDER</u>

                                                                              10-CR-6226L

                          v.

REGIONAL TRANSIT SERVICE, INC.,
DEBORAH GRIFFITH,
ELAINE TUNAITIS,

                          Defendants.
_____

## **INTRODUCTION**

      Plaintiff Theresa Wilson-Richardson ("plaintiff") brings this action alleging that her former employer, Regional Transit Service, Inc. ("RTS"), RTS Chief Administrative Officer Deborah Griffith ("Griffith"), and RTS employee Dr. Elaine Tunaitis ("Tunaitis"), discriminated against her on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq. and the New York Human Rights Law, N.Y. Exec. Law §290 et seq. ("NYHRL"), discriminated against her on the basis of race, color and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq. and the NYHRL, and subjected her to unlawful retaliation in violation of the ADA, Title VII and the NYHRL.

      Defendants RTS and Griffith now move for partial dismissal of the complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and (b)(6), on the grounds that plaintiff's complaint fails to state a cause of action for retaliation or for race or gender-based discrimination, in that it attempts to assert claims beyond the scope of her underlying July 2, 2007 administrative charge, or over which the Court lacks subject matter jurisdiction. Defendant Tunaitis moves to dismiss the claims against her as failing

to state a claim. Plaintiff has cross moved to amend the complaint to "amplify and clarify" some of her claims. For the reasons that follow, defendants' motions for dismissal of plaintiff's claims of race and gender-based discrimination, and retaliation, (Dkt. #6) and dismissal of her claims against Tunaitis (Dkt. #16) are granted, and plaintiff's cross motion to amend the complaint (Dkt. #22) is denied.

## FACTUAL BACKGROUND

On or about July 2, 2007, plaintiff filed a discrimination complaint against RTS and several of its employees (including Griffith, but not Tunaitis) with the New York State Division of Human Rights ("NYSDHR"). The complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff, a bus driver for RTS, alleged that RTS had discriminated against her on the basis of disability by failing to provide her with a bus that she could operate without straining her right leg to reach the foot pedals. (Dkt. #16-1 at Exh. A). The NYSDHR investigated plaintiff's complaint, and issued final and supplemental determinations on December 20 and 21, 2007. Both determinations concluded that plaintiff had established probable cause to believe that RTS had in engaged in a discriminatory practice.

Rather than proceed to the next step of the NYSDHR process, a public hearing, plaintiff requested that the NYSDHR dismiss her complaint on the grounds of administrative convenience, so that she could proceed directly with a civil action against RTS. A dismissal and 90-day right to sue letter were issued on January 19, 2010. This action followed 92 days later, on April 21, 2010.[1]

On July 17, 2008, plaintiff had filed a second discrimination complaint against RTS with the NYSDHR, in which she claimed discrimination on the basis of color and sex, and retaliation for having filed the July 2, 2007 administrative charge. That complaint was dismissed with a finding

---

[1] The law generally presumes that a right to sue letter is received, and that the 90-day time limitation begins to run, three days after the letter is mailed. *See Davis v. Columbia Univ.*, 2010 U.S. Dist. LEXIS 51802 at *11 (E.D.N.Y. 2010).

of no probable cause on January 13, 2009. On April 6, 2009, plaintiff received a 90-day right to sue letter. She did not pursue a civil action relative to the claims in her July 17, 2008 administrative charge until the instant action was filed, more than one year later.

## DISCUSSION

Defendants move to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1) and failure to state a claim under Fed. R. Civ. Proc. 12(b)(6). In deciding a motion to dismiss for failure to state a claim, the Court accepts as true all factual allegations in the complaint, and draws all reasonable inferences in plaintiff's favor. *See L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 429 (2d Cir. 2011). Nonetheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief [will] survive[] a motion to dismiss." *Id.*, 647 F.3d 419 at 430 (internal citations and quotation marks omitted). In determining the motion, the Court's review is generally limited to the complaint itself. However, where additional documents are incorporated by reference into the complaint – here, the plaintiff's administrative charges and the findings that resulted – the Court may consider them as well. *See Savino v. Fiorella*, 2007 U.S. Dist. LEXIS 43284 at *10-*11 (W.D.N.Y. 2007).

### I.   Plaintiff's Claims Against Tunaitis

It is well settled that individuals lacking an ownership interest or authority in a business which employs others are not "employers" for purposes of Title VII or the ADA, and thus are not subject to liability in their personal capacities under those statutes. *See Arculeo v. On-Site Sales & Marketing, LLC*, 425 F.3d 193, 195 n. 2 (2d Cir. 2005); *Corr v. MTA Long Island Bus*, 1999 U.S. App. LEXIS 25058 at *4 (2d Cir. 1999); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir. 1995). The complaint makes no allegation that Tunaitis has an ownership interest or exercises any authority

over RTS, or that she otherwise has engaged in conduct which might give rise to personal liability under Title VII, the ADA, or the NYHRL. Plaintiff's claims against individual defendant Tunaitis are therefore dismissed.

## II. Plaintiff's Race and Sex-Based Discrimination Claims and Retaliation Claims Against RTS and Griffith

### A. Lack of Subject Matter Jurisdiction Over Retaliation and Race and Sex-Based Discrimination Claims

Plaintiff alleges that RTS subjected her to race and sex-based discrimination, and retaliated against her for filing her administrative charges by delaying its approval of plaintiff's application for "medical retirement" benefits. However, the Court lacks subject matter jurisdiction over these claims by operation of NY. Exec. Law §297(9).

N.Y. Exec. Law §297(9) deprives courts of subject matter jurisdiction over claims that have already been decided by a "local commission on human rights" – here, the NYSDHR, which fully investigated and heard the claims raised in plaintiff's July 17, 2008 administrative charge and issued a finding of "no probable cause," which plaintiff did not appeal. *See Skalafuris v. City of New York*, 444 Fed. Appx. 466, 467 (barring plaintiff who has pursued a complaint with the NYSDHR from filing a lawsuit for the same cause of action). "The election-of-remedies provision applies to actions in federal court as well as state court." *Id.*, *citing York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 127 (2d Cir. 2002). The only exceptions to the provision are for matters which the agency has dismissed: (1) on the grounds of administrative convenience (as occurred with plaintiff's July 2, 2207 charge); (2) for untimeliness; or (3) on the grounds that the election of remedies is annulled. *See* N.Y. Exec. Law §297(9). None of these exceptions applies to plaintiff's July 17, 2008 administrative charge, which was fully investigated and finally decided by the NYSDHR. Nor can plaintiff resurrect her claims by any effort to "amplify" them in an amended pleading: "[a] claimant cannot avoid the jurisdictional bar presented by §297(9) by merely adding additional elements . . . [or] by changing his theory." *Carroll v. UPS*, 2000 U.S. App. LEXIS 21268 at *8 (2d

Cir. 2000) (district court erred in failing to dismiss plaintiff's claims for lack of subject matter jurisdiction pursuant to N.Y. Exec. Law §297(9), where plaintiff's administrative charge and later federal action "arose out of the same group of facts") (internal quotation marks and brackets omitted). "Attempts to recover for [the same] injuries under . . . slightly different labels are subject to dismissal." *Id*. (internal quotation marks omitted). *See also Hill v. Kaleida Health*, 2009 U.S. Dist. LEXIS 101097 at *14-*16  (W.D.N.Y. 2009).

As such, the Court lacks subject matter jurisdiction over plaintiff's claims of retaliation, and race and sex-based discrimination.  Those claims are dismissed.

### B. Failure to Exhaust Administrative Remedies For Race and Sex-Based Discrimination Claims

Even if the Court were not divested of subject matter jurisdiction over plaintiff's race and sex-based discrimination claims, they would be dismissed for failure to exhaust administrative remedies.

Prior to the initiation of an action in federal court under Title VII, "the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency" – here, the NYSDHR. *Williams v. New York City Housing Auth.*, 458 F.3d 67, 69 (2d Cir. 2006).  *See* 42 U.S. §2000e-5.  The administrative charge must be filed within 300 days of the alleged discriminatory conduct, and once it has been disposed of by the agency accompanied by the issuance of a "right to sue" letter to the complainant, the complainant must file suit within ninety (90) days. *Id*. If the complainant fails to do so, she will have failed to exhaust her administrative remedies, barring a subsequent federal action on the same claims.

Plaintiff concedes that she never filed a timely federal action after receiving a 90-day right to sue letter concerning her July 17, 2008 administrative complaint of race and sex-based discrimination and retaliation.  However, plaintiff claims that her failure to exhaust her administrative remedies should be excused, because the claims of disability-based discrimination

raised in her July 2, 2007 administrative charge are "reasonably related" to her instant, additional claims.

I disagree. While plaintiff is correct that claims not raised with the EEOC (or NYSDHR) may nevertheless be pursued in federal court, provided that such claims are "reasonably related" to those filed with the agency, no such reasonable relationship exists here.

There are three types of claims which may be considered "reasonably related" for purposes of satisfying the exhaustion requirement: (1) claims that "fall within the scope of the [administrative agency's] investigation which can reasonably be expected to grow out of the charge of discrimination;" (2) claims that allege retaliation for filing an administrative charge; and (3) claims that allege "further incidents of discrimination carried out in the same manner alleged in [the administrative] charge." *Carter v. New Venture Gear, Inc.*, 310 Fed. Appx. 454, 455 (2d Cir. 2009). *See also Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001). In examining what issues would be expected to "grow out of the charge of discrimination," the Court looks to "the factual allegations made in the . . . charge itself," and determines "whether the complaint filed with the [administrative agency] gave that agency adequate notice to investigate discrimination on both bases." *Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006).

Plaintiff's July 2, 2007 administrative charge purported to describe discrimination solely on the basis of disability, not race or sex, and none of the factual allegations raised therein would have created any expectation that discrimination on other bases should be explored. Although plaintiff suggests that she later attempted to raise the specter of race and/or sex-based discrimination in submissions made to an ALJ in connection with her July 2, 2007 administrative charge, there is no evidence that the NYSDHR ever considered plaintiff to have asserted plausible discrimination claims on any basis other than disability, or that its investigation of the July 2, 2007 administrative charge explored those issues. To the contrary, the NYSDHR's determination engages in no discussion, and makes no findings, concerning any potential basis for discrimination, except for the disability-based discrimination that is the subject of the underlying charge. (Dkt. #16-1, Exh. B).

As such, there is simply no reasonable relationship between the disability-based discrimination plaintiff complained of in her July 2, 2007 administrative charge, and the race and sex-based discrimination claims she now seeks to pursue. *See generally Hawkins v. Wegmans Food Market*, 2007 U.S. App. LEXIS 12014 at *3 (2d Cir. 2007) (unexhausted race and age-based discrimination claims are not "reasonably related" to gender and disability discrimination claims recited in plaintiff's administrative complaint, and are therefore dismissed). Because plaintiff has failed to exhaust her administrative remedies with regard to her race and gender-based discrimination claims, those claims are dismissed.

### III.  Plaintiff's Motion to Amend the Complaint

Plaintiff also cross moves to amend the complaint, to "amplify and clarify" her claims of discrimination and retaliation.

While leave to amend a complaint is to be freely given under ordinary circumstances, denial of leave to amend is proper where the proposed amendment would be futile. *See generally* Fed. R. Civ. Proc. 15(a); *Douglas v. Stamco*, 2010 U.S. App. LEXIS 2107 at *6 (2d Cir. 2010).

Initially, plaintiff has not provided the Court with a copy of a proposed amended complaint, effectively preventing the Court from engaging in a meaningful analysis of the proposed changes.

Nonetheless, I conclude that no amendment of the complaint would be sufficient to salvage claims which are undisputedly unexhausted and untimely, and/or over which the Court lacks jurisdiction. Regardless of any changes plaintiff might make to her pleading, the fact remains that the retaliation and race and sex-based discrimination claims she asserts are unexhausted and/or not subject to this Court's jurisdiction. As such, they would be dismissed in any event, and amendment of the complaint would be futile. *See generally Yobo v. N.Y. State Facilities Dev. Corp.*, 13 Fed. Appx. 41, 42-43 (2d Cir. 2001) (district court's denial of motion to amend as "futile" was proper, where plaintiff never filed a timely administrative charge relating to the new claim). Plaintiff's motion to amend is denied.

**CONCLUSION**

For the foregoing reasons, I find that plaintiff has failed to state a claim upon which relief can be granted, and/or that subject matter jurisdiction is absent, with regard to all of plaintiff's claims against individual defendant Tunaitis, plaintiff's claims of race and sex-based discrimination under Title VII against RTS and Griffith, and her claim of retaliation against RTS and Griffith. I further find that amendment of her complaint to "amplify" such claims would be futile. Accordingly, defendants' motions for partial dismissal of the complaint (Dkt. #6, #16) are granted, and plaintiff's claims of discrimination under Title VII and the NYHRL, retaliation under Title VII, the ADA and NYHRL, and all of plaintiff's claims against individual defendant Tunaitis, are dismissed with prejudice. Plaintiff's cross motion to amend the complaint (Dkt. #22) is denied.

As a result, the only claims remaining in this action are plaintiff's claims of disability-based discrimination and failure to accommodate against RTS and Griffith, arising under the ADA and NYHRL.[2]

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 10, 2013.

---

[2] Although plaintiff's opposition papers make reference to a Section 1981 racial discrimination claim, no such cause of action is set forth in the complaint. (Dkt. #1, #22-3 at 8).